UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No.: 2:20-cr-20336
        Hon. Gershwin A. Drain

CHESTRIA BELL,

        Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION REGARDING WAIVER OF DEFENDANT'S ATTORNEY-CLIENT PRIVILEGE [ECF No. 82]

On March 13, 2025, this Court sentenced Defendant Chestria Bell to 192 months in prison for violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 73. On June 10, 2025, Defendant filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. *See* ECF No. 76. In his § 2255 motion, Defendant argues in part that his attorney Byron Pitts was ineffective because he failed to file a Notice of Appeal after the Court entered its judgment. ECF No. 76, PageID.735–36.

The Court ordered the Government to respond to Defendant's § 2255 Motion. In lieu of responding, the Government filed a Motion for an Order Finding Waiver of Attorney-Client Privilege and Work Product Privilege, Directing Counsel to

1

Provide Information, and Extending Time to File Response. ECF No. 82. This motion is presently before the Court. Defendant did not respond.

In the motion, the Government contends that the communication between Defendant and Attorney Pitts is a "critical issue," and that to properly respond to Defendant's ineffective assistance of counsel claim, it must obtain information from Attorney Pitts about Defendant's request for a Notice of Appeal. *Id.* at PageID.822. The Government states that it discussed this motion with Attorney Pitts, who did not object to the prospect of waiving the privileges so long as it is limited to information relevant to the Notice of Appeal issue. *Id.* at PageID.821–22.

In order to give Defendant a proper chance to preserve his privileges, the Government suggests that the Court issue an order advising Defendant that he will waive his attorney-client and work product privileges if he does not withdraw his ineffective assistance of counsel claim, and giving Defendant 30 days to withdraw the claim if he so wishes. *Id.* at PageID.823. If Defendant does not withdraw the claim, the Government argues that the Court should enter an order finding that Defendant waived his attorney-client and work product privileges to the extent necessary to litigate his ineffective assistance of counsel claim, require Attorney Pitts to provide all relevant documents and communications, and give the Government 45 days after issuance of that order to investigate Defendant's claim and respond to the § 2255 motion. *Id.* at PageID.823–24.

\*\*\*

The attorney-client and work product privileges apply "at *all* stages of *all* actions, cases, and proceedings." *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005) (quoting Fed. R. Evid. 1101(c)). However, the privileges "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance[.]" *Id.* at 452–54. "Waivers under both attorney-client privilege and the work-product doctrine are limited in scope, and should not be construed to allow for disclosure of more information than necessary." *United States v. Watson*, No. 3:11-cr-079, 2015 WL 1905881, at \*2 (E.D. Mich. Apr. 24, 2015); *see also United States v. Chang*, No. 18-20008, 2022 WL 2181046, at \*2 (E.D. Mich. June 16, 2022) ("By claiming ineffective assistance of counsel and otherwise raising issues regarding his attorney's performance, a defendant implicitly waives the attorney-client privilege to the extent that any privileged communications bear on his attorney's performance.").

Here, Defendant placed his communications with Attorney Pitts at issue when he raised his ineffective assistance of counsel claim in his § 2255 motion. Accordingly, the Court finds that by raising an ineffective assistance of counsel claim, Defendant implicitly waives his attorney-client and work product privileges to the extent that any of his privileged communications or work product are necessary to litigate the claim. *See Watson*, 2015 WL 1905881, at \*2.

However, given that Defendant is incarcerated and proceeding *pro se*, the Court agrees with the Government that Defendant should be given time to consider whether he wants to waive these privileges. Therefore, the Court **HEREBY ALLOWS Defendant <u>until October 20, 2025</u> to decide whether he wants to withdraw his ineffective assistance of counsel claim in order to preserve his attorney-client and work product privileges.** If the Defendant so chooses to withdraw his claim, Defendant is **ORDERED** to file a notice of withdrawal of the claim on the docket. Defendant is **HEREBY WARNED** that if no notice of withdrawal is filed, the Court will enter an order finding that his attorney-client and work product privileges are waived and directing Attorney Pitts to cooperate with the Government in providing relevant information related to Defendant's claim.

After Defendant files a notice of withdrawal of claim, or his time to file a notice of withdrawal of claim expires, the Court will set a new deadline for the Government to respond to Defendant's § 2255 motion.

**IT IS SO ORDERED.**

Dated: September 16, 2025                         /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge